**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ALLEN JAMES STANLEY,<br>Defendant. | No. CR11-4086-MWB<br>**REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY** |

On November 18, 2011, the above-named defendant, by consent, appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered pleas of guilty to Counts One, Two, Three and Five of the Indictment. After cautioning and examining the defendant under oath concerning each of the subjects mentioned in Rule 11, the court determined that the guilty pleas were knowledgeable and voluntary, and the offenses charged were supported by an independent basis in fact containing each of the essential elements of the offenses. The court therefore **RECOMMENDS** that the pleas of guilty be accepted and the defendant be adjudged guilty.

At the commencement of the Rule 11 proceeding, the defendant was placed under oath and advised that if he answered any questions falsely, he could be prosecuted for perjury or for making a false statement. He also was advised that in any such prosecution, the Government could use against him any statements he made under oath.

The court then asked a number of questions to ensure the defendant's mental capacity to enter a plea. The defendant stated his full name, his age, and the extent of his

schooling. The court inquired into the defendant's history of mental illness and addiction to narcotic drugs. The court further inquired into whether the defendant was under the influence of any drug, medication, or alcoholic beverage at the time of the plea hearing. From this inquiry, the court determined that the defendant was not suffering from any mental disability that would impair his ability to make knowing, intelligent, and voluntary pleas of guilty to the charges.

The defendant acknowledged that he had received a copy of the Indictment, and he had fully discussed these charges with his attorney.

The court determined that there was no plea agreement.

The defendant was advised also that after his pleas were accepted, he would have no right to withdraw the pleas at a later date, even if the sentence imposed was different from what the defendant or his counsel anticipated.

The court summarized the charges against the defendant, and listed the elements of the crimes. The court determined that the defendant understood each and every element of the crimes, ascertained that his counsel had explained each and every element of the crimes fully to him, and the defendant's counsel confirmed that the defendant understood each and every element of the crimes charged.

The court then elicited a full and complete factual basis for all elements of the crimes charged in each Count of the Indictment to which the defendant was pleading guilty.

The court advised the defendant of the consequences of his pleas, including, for each Count, the maximum fine, the maximum term of imprisonment, and the mandatory minimum term of imprisonment.

With respect to Count **One**, the defendant was advised that the maximum fine is **$5,000,000**; the maximum term of imprisonment is **40 years**; the mandatory minimum

term of imprisonment is **five years**; the maximum period of supervised release is **life**; and the minimum period of supervised release is **four years**.

With respect to Counts **Two and Three**, the defendant was advised that as to each count the maximum fine is **$1,000,000**; the maximum term of imprisonment is **20 years**; the maximum period of supervised release is **life**; and the minimum period of supervised release is **three years**.

With respect to Count **Five**, the defendant was advised that the maximum fine is **$10,000,000**; the maximum term of imprisonment is **80 years**; the mandatory minimum term of imprisonment is **five years**; the maximum period of supervised release is **life**; and the minimum period of supervised release is **eight years**.

The defendant also was advised that the court is obligated to impose a special assessment of **$100.00** on each Count, for a total of **$400.00**, which the defendant must pay. The defendant also was advised of the collateral consequences of a plea of guilty. The defendant acknowledged that he understood all of the above consequences.

The court explained supervised release to the defendant, and advised him that a term of supervised release would be imposed in addition to the sentence of imprisonment. The defendant was advised that there are conditions of supervised release, and that if he were found to have violated a condition of supervised release, then his term of supervised release could be revoked and he could be required to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release.

The court also explained to the defendant that the district judge would determine the appropriate sentence for him at the sentencing hearing. The defendant confirmed that he understood the court would not determine the appropriate sentence until after the preparation of a presentence report, which the parties would have the opportunity to challenge. The defendant acknowledged that he understood the sentence imposed might

be different from what his attorney had estimated. The defendant also was advised that both he and the Government would have the right to appeal the sentence. The defendant was advised that parole has been abolished.

The defendant indicated he had conferred fully with his counsel and he was fully satisfied with his counsel. The defendant's attorney indicated the attorney had had full access to the Government's discovery materials, and they supported a factual basis for the pleas.

The defendant then was advised fully of his right to plead not guilty, or having already entered a not guilty plea to persist in such plea, and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;
2. The right to a speedy, public trial;
3. The right to have his case tried by a jury selected from a cross-section of the community;
4. That he would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;
5. That the Government could call witnesses into court, but the defendant's attorney would have the right to confront and cross-examine these witnesses;
6. That the defendant would have the right to see and hear all witnesses presented at trial;
7. That the defendant would have the right to subpoena defense witnesses to testify at the trial, and if he could not afford to pay the fees and costs of bringing these witnesses to court, then the Government would be required to pay those fees and costs;
8. That the defendant would have the privilege against self incrimination; *i.e.*, he could choose to testify at trial, but he need not do so, and if he chose not to testify, then the court would instruct the jury that the defendant had a constitutional right not to testify;

9. That any verdict by the jury would have to be unanimous;

10. That he would have the right to appeal, and if he could not afford an attorney for the appeal, then the Government would pay the costs of an attorney to prepare the appeal.

The defendant also was advised of the rights he would waive by entering a plea of guilty. The defendant was told there would be no trial, he would waive all the trial rights just described, and he would be adjudged guilty without any further proceedings except for sentencing.

The defendant then confirmed that his decision to plead guilty was voluntary and was not the result of any promises; no one had promised him what the sentence would be; and his decision to plead guilty was not the result of any threats, force, or anyone pressuring him to plead guilty.

The defendant then confirmed that he still wished to plead guilty, and he pleaded guilty to Counts One, Two, Three and Five of the Indictment.

The court finds the following with respect to the defendant's guilty plea:

1. The guilty plea is voluntary, knowing, not the result of force, threats or promises, and the defendant is fully competent.
2. The defendant is aware of the maximum punishment.
3. The defendant knows his jury rights.
4. The defendant has voluntarily waived his jury rights.
5. There is a factual basis for the plea.
6. The defendant is, in fact, guilty of the crimes to which he is pleading guilty.

The defendant has executed a Consent to the Court's Inspection of Presentence Report Prior to Guilty Plea. The defendant was advised that a written presentence investigation report would be prepared to assist the court in sentencing. The defendant was

told that he and his counsel would have an opportunity to read the presentence report before the sentencing hearing and to object to the contents of the report, and he and his counsel would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

The defendant was advised that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar him from attacking this court's Report and Recommendation, which recommends that the assigned United States District Judge accept the defendant's pleas of guilty. A copy of this Report and Recommendation was served on the defendant and his attorney at the conclusion of the proceeding.

**DONE AND ENTERED** at Sioux City, Iowa, this 18th day of November, 2011.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT